Citation Nr: 1132133 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 07-03 039 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to full reimbursement in the amount of $345.00 for the National Strength and Conditioning Association (NSCA) Certified Personal Trainer Examination. 


ATTORNEY FOR THE BOARD

Shabnam Keyvan










INTRODUCTION

The Veteran served in the U.S. Navy from July 2000 to March 2007.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2006 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

In November 2010, the Board remanded the Veteran's claim for further procedural and evidentiary development. Specifically, the Board instructed the Agency of Original Jurisdiction (AOJ) to obtain the Veteran's DD 214 as well as a detailed account of all additional educational benefits the Veteran has been awarded beyond his reimbursement for licensing and certification testing. In addition, the Board also instructed the AOJ to provide the Veteran with an explanation as to why the Licensing and Certification Automated Approval System (LACAS) only approved him for partial reimbursement of his NCSA certified personal trainer examination. The AOJ obtained the Veteran's DD 214s as well as a number of Chapter 30 (Montgomery GI Bill) Status and Award History Forms and Transaction and Payment History Forms, which list the supplementary Chapter 30 educational benefits awarded to the Veteran since he applied for education benefits in 2003. All these documents have been associated with the Veteran's claims file. In the Supplemental Statement of the Case (SSOC), the RO readjudicated the Veteran's claim and provided an explanation as to how certain guidelines, as applied to the Veteran's claim, rendered the determination that a full reimbursement for his certification examination was not warranted. As such, the Board finds that the AOJ completed the development specifically requested in the November 2010 Board remand and complied with the remand instructions. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance). 

Unfortunately, a remand of the Veteran's claim seeking entitlement to full reimbursement in the amount of $345.00 for the NSCA Certified Personal Trainer Examination is necessary. The Board regrets the delay caused by this remand. However, after a thorough review of the claims file, the Board finds that further evidentiary development of this issue is necessary prior to a final adjudication of the claim. Accordingly, the issue of entitlement to a full reimbursement in the amount of $345.00 for the NSCA Certified Personal Trainer Examination is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC


REMAND

The Veteran contends that he should receive a full reimbursement for his NSCA Certified Personal Trainer Examination. Although he paid the necessary $345.00 fee, he was only reimbursed $220.00 by VA. Thus, a difference of $125.00 remains. The record reflects that the Veteran submitted two Applications for Licensing and Certification Testing Fee Reimbursement to the VA for American College of Sports Medicine certified personal trainer tests taken in August 2006 and September 2006. The Veteran was subsequently reimbursed the full amount he paid for each test-$259.00 and $135.00 respectively. However, in July 2006, the Veteran took another personal trainer certification test through the NSCA certification commission which cost him $345.00, but he was only reimbursed $220.00 by VA. See October 2006 RO decision, which also noted that, as of the 2006 RO decision, the Veteran had 25 months, and 15 days of benefits remaining under the Montgomery GI Bill (MGIB).

In his December 2006 VA Form 9, the Veteran stated that VA did not inform him why the July 2006 NSCA Personal Trainer Certification Examination was only reimbursed for $220.00 instead of the full amount he paid to take the examination

A program of education supported by VA education assistance includes licensing or certification tests. 38 U.S.C.A. § 3452(b). The amount VA may pay for a licensing or certification test is limited to the lowest of the following: (1) the fee charged for taking the test, (2) $2,000, or (3) the remaining amount of educational assistance to which the claimant is entitled. 38 U.S.C.A. § 3032(f); 38 C.F.R. § 21.7142(c).

In a November 2006 Statement of the Case (SOC), the RO adjudicator explained that the amount of reimbursement of a license or certification test must be approved by the Licensing and Certification Approval System (LACAS), and that reimbursement of the Veteran's NSCA Certified Personal Trainer Examination was only approved for $220.00. No further explanation was provided.

In the November 2010 remand, the Board instructed the RO to provide an explanation as to how the laws and regulations impacted the determination that a full reimbursement for the Veteran's July 2006 certification examination was not warranted. The Board specifically asked the RO to provide an explanation as to why LACAS only approved the Veteran for reimbursement of $220.00 when the actual certification examination cost him $345.00. Pursuant to these instructions, in the April 2011 Supplemental Statement of the Case (SSOC), the RO explained that, under the Licensing and Certification Program, the State Approving Agency (SAA), and not VA, determines the maximum amount payable for each examination or test taken. See April 2011 SSOC. According to the RO, VA cannot reimburse an individual for any amount greater than what the SAA has approved for each examination or test. Based on guidelines provided by the SAA, the $220.00 reimbursed to the Veteran is the maximum amount payable to the Veteran, and VA cannot change a SAA approval determination. 

The Board notes that, in rendering its determination, the RO referred to the SAA electronic approval record which is not associated with the claims file. Although the Board acknowledges that the RO reviewed the identified SAA electronic approval record in connection with its April 2011 readjudication of the Veteran's claim, this evidence is necessary for the Board to review in order to conduct a full de novo review. Furthermore, VA is required by the Veterans Claims Assistance Act of 2000 to make reasonable efforts to help a claimant obtain evidence necessary to substantiate his claim, to include relevant records from both Federal and private sources. 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159 (2010). The Board also notes that records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically in the claims file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). Therefore, as the identified SAA electronic approval record has a bearing on the Veteran's claim, on remand the AOJ must obtain a copy of the identified SAA electronic approval record, as well as any other relevant records reviewed and/or relied upon by the RO pertinent to the Veteran's claim. Any records obtained must be associated with the Veteran's claims file. If any records sought are determined to be unavailable, the Veteran must be notified of that fact pursuant to 38 C.F.R. § 3.159(e) (2010). 

Additionally, the Board notes that, in the April 2011 SSOC, the RO did not cite to the relevant laws, regulations and/or guidelines relied upon in rendering the determination that the Veteran is only entitled to partial reimbursement for the July 2006 NSCA Personal Trainer Examination. Indeed, while the RO adjudicator explained that the SAA, and not VA, determines the maximum amount payable for each examination or test taken, the RO did not direct the Veteran to the actual laws, regulations and/or guidelines which specifically state as such, nor did the RO provide the Veteran with information that could assist him in accessing this information. If additional laws, regulations and/or guidelines beyond that provided in the SAA electronic approval record were relied upon in reaching this determination, then this information should also be made available to the Veteran. 

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file a copy of the SAA electronic approval record discussed and relied upon in the April 2011 SSOC. If this record is not readily available then provide detailed information, to include a website address, which may assist the Veteran in accessing this information. 

2. In addition, cite to, and provide the Veteran with an explanation as to how the laws, regulations and/or guidelines relied upon in the April 2011 SSOC resulted in the finding that the SAA, and not VA, determines the maximum amount payable for each examination and that VA cannot reimburse an individual more than what the SAA has approved for each examination or test. In particular, cite to these identified laws, regulations and/or guidelines, or provide detailed information which may assist the Veteran in accessing this information. 

3. Thereafter, readjudicate the claim of entitlement to a full reimbursement in the amount of $345 for the NSCA Certified Personal Trainer Examination. If the decision remains in any way adverse to the Veteran, he should be provided with a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response. 

The Veteran has the right to submit additional evidence and argument on the matter that the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).